IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JOHN BERNARD, WILLIAM BERNARD, PAMELA MARTIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;<br><br>Plaintiffs,<br><br>vs.<br><br>BNY MELLON, N.A.,<br><br>Defendant. | 2:18-CV-00783-RJC-CRE |

**ORDER APPOINTING SPECIAL MASTER**

In light of the numerous discovery disputes raised by the parties which include those requiring expert knowledge of ESI matters and banking and/or fiduciary law, the Court has determined that an individual serving as Special Master is necessary to oversee discovery in this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 53, the following Order is entered:

1. Pursuant to Rule 53(a) and (b), the Court hereby appoints Efrem M. Grail as Special Master in the above-captioned case for the limited purposes as set forth herein. The duties of the Special Master shall be to oversee discovery, including ESI discovery, between the parties and if the parties are unable to agree on the resolution of any dispute between them or with third-parties, the Special Master shall prepare and file a Report and Recommendation with respect to that dispute. The Special Master shall forthwith file a declaration confirming that he is aware of no grounds for disqualification pursuant to 28 U.S.C. § 455.

2. Pursuant to Rule 53(b)(2), the Court hereby directs the Special Master to proceed with all reasonable diligence to perform the duties set forth herein, as well as any additional duties that the Court in its discretion may impose from time to time as necessary by further orders. To this end, the Special Master shall determine the priority of the discovery issues outlined by the parties.

3. The Special Master shall have the authority to take all appropriate measures to perform the assigned duties fairly and efficiently. To the extent the Special Master issues any order, report or recommendation on any dispute referred to him by the Court or the parties, the

Special Master shall comply with all the requirements of Rule 53(d), if applicable, respecting entry of any such order.

    4.    The Special Master shall hold status conference(s) to provide a forum for the parties to discuss the progress of discovery, anticipated discovery, and any foreseeable issues arising in the discovery process between parties or with third parties, and to discuss such other matters as scheduled by the Special Master.  The Special Master may schedule as many or as few status conferences as he sees fit and may require the parties to attend any status conference in person.  The status conferences shall not be on the record.

    5.    The Special Master shall specifically address with the parties the following:

    a.    Create an ESI plan in accordance with local rules of this court;
    b.    Address any assertions of privileged documents and/or Rule 30(b)(6) deposition topics by Defendant; and
    c.    Conduct an in-camera review of any documents claimed to be privileged.

    6.    The parties shall meet and confer prior to each scheduled conference to draft a joint proposed agenda for the status conference.  Each proposed agenda item must include the following:

    a.    A brief description of the issue;
    b.    The efforts to resolve the issue;
    c.    The potential relief (if any) that may be sought in the future by a party listing the agenda item.

The parties shall serve the agenda on the Special Master no later than five (5) days prior to the status conference.  Should the Special Master have any issues for the agenda, he shall forward the issue(s) to the parties at least two days prior to the status conference.  Absent a showing of good cause, the Special Master shall not permit discussion of matters not placed on the proposed agenda pursuant to these procedures.

    7.    The Special Master may hold other meetings or hearings as he deems appropriate.  All adjudicative hearings in front of the Special Master shall be recorded by a court reporter as if the hearing were being held before the Court.

    8.    The Special Master may correspond with counsel for the parties jointly through conference calls and written correspondence, including, but not limited to, emails and letters, and may, at any time, request additional information or documents from the parties relating to the duties described herein, including, without limitation:

    a.    Briefs, letters, or position statements clarifying or providing additional information about the respective positions; and
    b.    Documents that are not provided in camera, such as documents referenced in documents provided in camera or documents necessary to provide context to documents necessary to provide context to documents provided in camera.

9. The Special Master may, at any time, communicate *ex parte* with the Court for any purpose relating to the duties described herein.  In particular, if the Special Master identifies any matters that pose particular or unique problems, the Court shall be consulted.

10. Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and any of his written orders, findings, and/or recommendations.  The Special Master shall report to the Court as directed.  The Special Master shall file any written orders, findings, and/or recommendations with the Court via the Court's Electronic Case Filing ("ECF") system.  Such filing shall fulfill the Special Master's duty to serve his order(s) on the parties pursuant to Rule 53(e).

11. The following persons are designated as the primary contacts for the Special Master:

      a. For Plaintiffs:
         Vickie Reznik
         Grais & Ellsworth LLP
         950 Third Avenue, 24th Floor
         New York, NY 10022
         212-843-8632
         Email: vreznik@graisellsworth.com

      b. For Defendant:
         K. Issac deVyver
         McGuireWoods LLP
         Tower Two-Sixty
         260 Forbes Avenue
         Suite 1800
         Pittsburgh, PA 15222
         412-667-7988
         Fax: 412-667-6050
         Email: kdevyver@mcguirewoods.com

Except for approved *ex parte* communications, all parties shall be copied on any party's communications with or submission to the Special Master.

12. Within five (5) days of this Order, the parties shall provide the Special Master dates and times they are available to review the status of discovery and discovery disputes and shall furnish the Special Master with copies of all filings, briefs, discovery materials, and all documents requested by the Special Master.

13. Within fifteen (15) days of this Order, the Special Master shall hold a conference call with counsel for the parties to discuss the terms of this Order and the process for overseeing discovery.

14. The Special Master shall proceed with all reasonable diligence to oversee discovery. Any discovery dispute brought to the Special Master, and within the authority of the Special Master under this Order and Rule 53, shall be resolved by the Special Master after such investigation, presentation of evidence and argument as the Special Master may deem appropriate, upon such schedule as the Special Master shall set, and consistent with the rulings of this Court. Upon the written request of any party within seven (7) days of any such resolution, the Special Master shall prepare and file on the docket a written Report and Recommendation ("R&R") concerning the nature and disposition of such dispute in accordance with Rule 53. Any party may file with the Court, within ten (10) days of the filing of an R&R, an objection to the R&R, setting forth the basis for such objection. Any party opposing such objection shall file a response thereto within ten (10) days of the filing of the objection. The failure to file a timely objection shall constitute a waiver of any objection.

15. The party filing the objection pursuant to paragraph 14 shall submit with such objection any record necessary for the Court to review the Special Master's R&R including, if necessary, any transcript of proceedings before the Special Master and any documents submitted by the parties in connection with the proceedings.

16. If the parties wish to raise a discovery dispute, that party shall submit a letter motion not to exceed five (5) single-spaced pages to the Special Master, setting forth the nature of the dispute, supporting arguments, and the requested relief. The party opposing the motion shall have seven (7) days within which to respond to the motion. Responses shall be in the form of a letter response not to exceed five (5) single-spaced pages and shall be submitted to the Special Master. All submissions shall be served on the relevant parties via email.

17. At the sole discretion of the Special Master, any discovery dispute noticed in accordance with the procedures set forth herein may be:

    a. Ruled upon without oral argument,
    b. Heard by telephone conference, or
    c. Heard at a specially scheduled in-person conference

18. The Special Master's findings of fact and conclusions of law, procedural rulings or recommendations will be reviewed *de novo*. The Court will set aside a ruling on a procedural matter only where it is clearly erroneous or contrary to law.

19. The Special Master may have access to trade secrets, proprietary information and other confidential information in this action including, but not limited to, information which may be subject to any Stipulated Protective Order entered into between the parties and approved by the Court. The Special Master is bound by the terms of any such Stipulated Protective Order. The disclosure of privileged or protected information connected with the litigation to the Special Master shall not be a waiver of privilege or a right of protection in this case and is also not a waiver in any other Federal or State proceeding. Accordingly, a claim of privilege or protection may not be raised as a basis to resist such disclosure.

20. The Special Master shall be compensated at his usual and customary rate agreed to

by the parties, including time spent in transit or otherwise in connection with this appointment provided however that travel time will be paid at one-half (50%) of the usual and customary rate unless substantive work, research or discussions in support of the engagement are performed while traveling, in which case such activities will be paid at the usual and customary rate.

      21.    The Special Master shall submit to the parties on a monthly basis an itemized statement of all fees and costs incurred in connection with this Order.  Each monthly invoice shall detail the work performed, the hours spent and the costs incurred during the corresponding one-month period.  Any non-routine expenses, including expenses associated with outside consultants proposed to be engaged or engaged by the Special Master must be approved in advanced by the parties.

      22.    Each party shall be responsible for paying to the Special Master an equal portion of each monthly invoice (each party shall pay 50%) within thirty (30) days of receipt of such invoice. The costs associated with the services of the Special Master *shall not* be considered taxable under 28 U.S.C. § 1920(4).

DATED this 19th day of February, 2020.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:    Counsel of record and Efrem M. Grail, Esq.
       *via CM-ECF electronic notice*