IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BERNARD, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action |
| BNY MELLON, N.A., | ) | 2:18-cv-00783-RJC-CRE |
| | ) | |
| Defendant. | ) | Fed. R. Civ. Proc. 53(d) |

### SPECIAL MASTER'S DISCOVERY RULING NO. 1

GOOD CAUSE APPEARING, following a Discovery Conference attended by Counsel for the Parties on Monday, March 2, 2020, subsequent correspondence and consultation with them, and their concurrence herein, the Parties shall:

1. By **Wednesday, March 4**, Plaintiffs will identify specific questions for BNY Mellon to address the existence, location, and accessibility of data that predates 2009, in response to Plaintiffs' Interrogatory No. 4.  If BNY Mellon has questions or concerns about Plaintiffs' questions, BNY Mellon will raise them with Plaintiffs promptly and with the Special Master as needed.

2. By **March 10**, BNY Mellon will submit a letter that explains BNY Mellon's efforts to locate, and to address the existence, location, and accessibility, of the following documents: solutions matrices (RFP No. 7), organizational charts (RFP No. 3), committee meeting minutes and agendas for the Investment Policy Committee (IPC), the Solutions Strategy Committee (SSC), and the Investment Strategy Committee (ISC) (part of RFP No. 11), and policies and procedures for selecting funds to invest trust money (RFP No. 13), for the time period for which BNY Mellon states that it could not locate responsive documents, back to 2003.

    The letter will provide sufficient detail about the BNY Mellon's efforts to identify the existence, location and accessibility of the documents requested by the Plaintiffs, including but not limited to the following:

    a. the steps taken by BNY Mellon to locate responsive documents, including what was searched and by whom;

    b. the existence, location, and accessibility of other sources of data that could reasonably be searched;

    c. the existence, location, and accessibility of pre-merger relevant trust department documents in the above categories;

    d. whether any trust department litigation hold impacts the availability of the above documents; and,

    e. whether regulatory examinations of the trust department impact the availability of the above documents.

3. By **March 10**, Plaintiffs will provide BNY Mellon with their requested/proposed search parameters and a list of CUSIPs for mutual fund investments listed on the solutions matrices for a two-year period to be agreed upon by the parties. If Plaintiffs have not altered their prior proposed search parameters, BNY Mellon will run test searches and provide that information to Plaintiffs in the form requested by Plaintiffs' Interrogatory No. 4 for the agreed upon two-year period (the "Test Run"). If Plaintiffs have altered their prior proposed search parameters, the parties will meet and confer on the new parameters.

In the event that BNY Mellon encounters any major issues with preparing a response to Plaintiffs' Interrogatory No. 4 based on Plaintiffs' requested/proposed parameters, BNY Mellon will advise the Plaintiffs and the Special Master, who shall remain readily available by electronic mail and telephone, as soon as practicable.

4. By March 19, BNY Mellon will submit a letter that addresses the existence, location and accessibility of data that predates 2009, in response to Plaintiffs' Interrogatory No. 4. The letter will address the specific questions raised by Plaintiffs' counsel in their March 4 correspondence, described in paragraph 1 above.

5. A telephonic status conference shall be held on March **23 at 5 p.m. eastern daylight time** with the Special Master and the parties to discuss the status of BNY Mellon's "Test Run" response to Plaintiffs' Interrogatory No. 4 of a recent, two-year period as agreed to by the parties, including the timing of the response.

DATED this 6th day of March 2020,

FOR THE COURT

By:
*/s/ Efrem M. Grail*
Efrem M. Grail, Esq.
Special Master, W.D. Pa.

cc:    Counsel of record (*via CM-ECF electronic notice*)